UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>THE GOOD GUYS PROVISION CO. INC.,<br><br>Debtor | CHAPTER 7<br>CASE NO. 24-12269 |
| DONALD R. LASSMAN,<br>Plaintiff<br><br>v.<br><br>PAUL W. MARKS CO. INC.,<br><br>Defendant | ADV. PROC. NO. 26-01083 |

**ANSWER OF THE DEFENDANT**
**PAUL W. MARKS CO. INC., TO PLAINTIFF'S COMPLAINT**

PAUL W. MARKS CO. INC. (the "Defendant") answers the Complaint of Donald R. Lassman, Chapter 7 Trustee for The Good Guys Provision Co. Inc. as follows:

1. The Defendant admits the allegations in paragraph 1 of the Complaint.

2. The Defendant admits the allegations in paragraph 2 of the Complaint.

3. The Defendant admits the allegations in paragraph 3 of the Complaint.

4. The Defendant admits the allegations in paragraph 4 of the Complaint.

5. The Defendant admits the allegations in paragraph 5 of the Complaint.

6. The Defendant admits the allegations in paragraph 6 of the Complaint.

7. The Defendant admits the allegations in paragraph 7 of the Complaint.

8. The Defendant admits the allegations in paragraph 8 of the Complaint.

9. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. The Defendant admits the allegations in paragraph 10 of the Complaint.

11. The Defendant denies the allegations in paragraph 11 of the Complaint.

12. The Defendant admits the allegations in paragraph 12 of the Complaint.

13. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

14. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 15 of the Complaint.

16. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 16 of the Complaint.

17. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 17 of the Complaint.

18. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 18 of the Complaint.

19. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 19 of the Complaint.

20. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 20 of the Complaint.

21. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 21 of the Complaint.

22. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 22 of the Complaint.

23. The Defendant is without knowledge sufficient to form a belief as to the allegations in paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The amount, which is the subject of the Plaintiff's Complaint, does not relate to or for an account of an antecedent debt made by the Debtor before such transfer was made and therefore, the payments cannot be deemed a preference pursuant to 11 U.S.C. §547(b)(2).

### Second Affirmative Defense

The Debtor was not insolvent at the time that any transfer was made to the Defendant nor were the subject transfers made on or within ninety (90) days before the filing of the petition and therefore cannot be deemed preferences pursuant to 11 U.S.C. §547.

### Third Affirmative Defense

The payments or transfers made to the Defendant in this action did not enable it to receive more than it would under a Chapter 7 case had the transfer not been made and therefore, it cannot be deemed a preference pursuant to 11 U.S.C. §547.

### Fourth Affirmative Defense

Assuming arguendo that the payment or transfers made to the Defendant are deemed to be preferences pursuant to 11 U.S.C.§547, the Trustee may not avoid said transfers or payments as the same were intended by the Debtor and, in fact, were a substantially contemporaneous exchange.

### Fifth Affirmative Defense

Assuming arguendo that the payment or transfers made to the Defendant are deemed to be preferences pursuant to 11 U.S.C. §547, as the creditor provided new value for the benefit of the Debtor, not secured by an otherwise avoidable security interest and on account of which the new value was not otherwise an unavoidable transfer to or for the benefit of the Defendant.

**Sixth Affirmative Defense**

Assuming arguendo that the payment or transfers made to the Defendant are deemed to be preferences pursuant to 11 U.S.C. §547, as the creditor provided new value for the benefit of the Debtor, not secured by an otherwise avoidable security interest and on account of which the new value was not otherwise an unavoidable transfer to or for the benefit of the Defendant.

**Seventh Affirmative Defense**

Assuming arguendo that the payment or transfers made to the Defendant are deemed to be preferences pursuant to 11 U.S.C. §547, the transfer is not avoidable by the Trustee as the Debtor acted as a fiduciary for payments made by others to or for the benefit of the Defendant, therefore, the Debtor did not acquire rights in the property as transferred.

**Eighth Affirmative Defense**

The Plaintiff has failed to allege any facts which would support a conclusion that the Debtor did not receive a reasonable equivalent value in exchange for the transfers made to the Defendant.

**Ninth Affirmative Defense**

The Plaintiff has failed to allege any facts that the Debtor intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due thereby making the transfers at issue avoidable pursuant to §548(a)(1)(B) and M.G.L. c. 109A.

**Tenth Affirmative Defense**

This action was not commenced within the time required by law made and provided therefore, the Plaintiff's claims are time barred.

**Eleventh Affirmative Defense**

The Plaintiff lacks standing to assert his claims against the Defendant.

**Twelfth Affirmative Defense**

The Plaintiff has failed to state a claim upon which relief may be granted as to the Defendant, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Bankr. R. 7012.

**Thirteenth Affirmative Defense**

The Defendant asserts the service of process was insufficient and improper.

**Fourteenth Affirmative Defense**

The Defendant asserts that the Plaintiff by virtue of its own actions, omissions, conduct, and/or activities has waived any cause of action against the Defendant.

**Fifteenth Affirmative Defense**

The Plaintiff's claims lack sufficient consideration and therefore, cannot be enforced.

**Sixteenth Affirmative Defense**

The Court lacks jurisdiction under the "ripeness" doctrine and therefore, the Complaint should be dismissed.

**Seventeenth Affirmative Defense**

The enforcement of the Plaintiff's claim is void as against public policy.

**Eighteenth Affirmative Defense**

If the Plaintiff suffered losses, it was as a result of its conduct or of others who the Defendant is not responsible for; further, the Plaintiff's losses were avoidable and if they occurred, it was as a result of the Plaintiff's failure to mitigate the same.

Respectfully submitted,

DATED: September 29, 2026

/s/ Herbert Weinberg
Herbert Weinberg (BBO #550415)
Rosenberg & Weinberg
805 Turnpike Street
Lawrence, MA 01845
(968) 683-2479
hweinberg@jrhwlaw.com

## CERTIFICATE OF SERVICE

I, Herbert Weinberg, Esquire, hereby certify that on this 29th day of September, 2026, I served a copy of the attached Defendant's Answer to Complaint and Prayer for Relief, by regular mail, postage prepaid or by electronic transmission via ECF, to the Plaintiff's Attorney:

Josephine Elizabeth Ban
Harris Beach Murtha
33 Arch Street
Ste Floor 12
Boston, MA 02110

/s/Herbert Weinberg_________________
Herbert Weinberg, Esquire